UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher S. Gary, # 337006, ) | |
| ) | C/A No. 6:11-1645-MBS-KFM |
| Plaintiff, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| John Carmichael, SCDC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Christopher S. Gary ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner at Turbeville Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names John Carmichael, "Executive Director" of the South Carolina Department of Corrections ("SCDC"), as the sole Defendant. The Complaint claims "fraud" because "SCDC has changed my time agnist the jugdes final ruleing & publicly documented it." ECF No. 1 at 3 (errors in original). Plaintiff seeks monetary damages, as well as the correction of his sentence. The Complaint fails to state a claim upon which relief may be granted.

**DISCUSSION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held

to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint states verbatim:

> SCDC has changed my time agnist the jugdes final ruleing & publicly documented it. I have emotional stress & mental anguish due to the public falseifed info, per SCDC. I've got other promblems due to fear of serveing fales inprisonment, per SCDC. I feel to be repromined for casework, mental anuish, & stress in a hazordouse enviement, Because SCDC's faileur to comply w/fed. Court proceidures.

ECF No. 1 at 3. The relief section states "I feel justified due to the heartach that I have recieved while the gov. enfrindge on my citizen right. The retrobation that I seek is

$20,000.00 (twenty-thousand dollars) & to have the setanceing corrected." *Id.* at 4.

The Complaint acknowledges that Plaintiff did not avail himself of the available SCDC prisoner grievance procedures to exhaust his available administrative remedies. ECF No. 1 at 2. The Prison Litigation Reform Act ("PLRA") provides, in part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)).

The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. at 524; *see Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the Supreme Court in *Jones v. Bock*, 549 U.S. 199 (2007) found that the lack of exhaustion of administrative remedies is an affirmative defense and not a jurisdictional infirmity, which abrogated procedures in some circuits, the *Jones v. Bock* decision did not abrogate procedures followed by the Fourth Circuit. The Fourth Circuit decision in *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674 (4th Cir. 2005), is noted in the *Jones* case for the holding

that the PLRA exhaustion requirement is an affirmative defense. *Jones v. Bock*, 549 U.S. at 205 n. 2. The Fourth Circuit in *Anderson v. XYZ Correctional Health Services* not only determined that exhaustion is an affirmative defense, but also noted that if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005) ("That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint...."); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) ("certain affirmative defenses implicate important institutional interests of the court, and may sometimes be properly raised and considered *sua sponte*."). The lack of exhaustion of administrative remedies is apparent on the face of the Complaint, so the Complaint is subject to summary dismissal.

Even if Plaintiff could show that he exhausted his administrative remedies, the Complaint fails to state a claim on which relief may be granted. The Complaint names John Carmichael as the sole Defendant, but contains no factual allegations indicating what Defendant Carmichael did to violate Plaintiff's federal rights. The Complaint does not allege that Defendant Carmichael was personally involved in the "falsified info" that apparently involves Plaintiff's sentence. ECF No. 1 at 4. In fact, it is unclear exactly what Plaintiff is claiming, other than a broad statement that SCDC has somehow "changed" Plaintiff's sentence. Although the Court is bound to liberally construe his *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *See Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (dismissal of plaintiff's suit where allegations

4

were conclusory); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (dismissal where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). Plaintiff's statements are not sufficient factual allegations to support a claim that Defendant Carmichael violated Plaintiff's rights and thus impose liability under § 1983. The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

Further, Plaintiff not only seeks damages, but also requests "to have the sentencing corrected." ECF No. 1 at 4. Plaintiff must file a petition for writ of habeas corpus, not a §1983 civil rights action, if he seeks to "correct" a sentence or sentence computation. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the Complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

s/ Kevin F. McDonald
United States Magistrate Judge

August 17, 2011
Greenville, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).