IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher S. Gary, #337006,           ) | |
|                                         ) | C/A No. 6:11-1645-MBS |
|                  Plaintiff,             ) | |
|                                         ) | |
|      vs.                                ) | **O R D E R** |
|                                         ) | |
| John Carmichael, SCDC,                  ) | |
|                                         ) | |
|                  Defendant.             ) | |
| _____) | |

    Plaintiff Christopher S. Gary is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Turbeville Correctional Institution in Turbeville, South Carolina. Plaintiff, proceeding pro se, filed this action on July 12, 2011, alleging a cause of action for fraud because Defendant changed Plaintiff's time "agnist the jugdes final ruleing & publicly documented it." Complaint 3, ECF No. 1 (errors in original). Plaintiff seeks damages under 42 U.S.C. § 1983 in the amount of $20,000. Plaintiff also seeks to have his sentence corrected.

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On August 17, 2011, the Magistrate Judge filed a Report and Recommendation in which he determined that Plaintiff had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). In addition, the Magistrate Judge determined that Plaintiff had failed to state a claim on which relief may be granted because Plaintiff had not offered more than conclusory allegations to support his claim. Finally, the Magistrate Judge noted that, to the extent Plaintiff wishes to correct a sentence or sentence computation, he must do so by filing a petition for writ of habeas corpus. Accordingly, the

Magistrate Judge recommended that the complaint be summarily dismissed. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's § 1983 complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 12, 2011

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**